UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TWALA VICK-HARDY, ETC.                          CIVIL ACTION

VERSUS                                          NO. 08-3970

JOSEPH STARNS, ET AL                            SECTION "C" (1)


<u>ORDER AND REASONS</u>

This matter comes before the Court on motion for summary judgment filed by

the City of Tickfaw.   Having considered the record, the memoranda of counsel and the

law, the Court has determined that summary judgment is inappropriate for the

following reasons.

The plaintiff filed this suit in diversity seeking damages for personal injuries

allegedly sustained when her vehicle was rear-ended by Joseph Starns ("Starns").  For

purposes of this motion, it is undisputed that Starns was driving a marked Tickfaw

police car, which is owned and maintained by Tickfaw, and that although Starns was

off duty at the time, he was on 24-hour call.   It is also undisputed that Starns has stated,

and the police report reflects,  that at the time of the accident, Starns was en route to

assist another Tickfaw policeman.  The plaintiffs claim that he was intoxicated at the

time of the accident.

Tickfaw argues that because Starns allegedly testified in deposition that he did not recall what happened at the accident scene, and because there is allegedly deposition testimony that no call was made at the relevant time, summary judgment is appropriate.[1]  The Court disagrees that summary judgment on the issue of vicarious liability is appropriate.[2]  There is a genuine issue of material fact as to whether or not Starns was responding to a call or was otherwise on duty prior to the accident.

Accordingly,

IT IS ORDERED that  motion for summary judgment filed by the City of Tickfaw is DENIED.   (Rec. Doc. 13).

New Orleans, Louisiana, this 15th day of May, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1]     No exhibits were attached to the response filed by the mover.  (Rec. Doc. 31).

[2]     The Court notes that the complaint does include a claim for negligent entrustment, which is not addressed in this motion.